STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HOWARD

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HOWARD

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HOWARD2021 OK 44Case Number: SCBD-7084Decided: 09/14/2021THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 44, __ P.3d __

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JOSEPH T. HOWARD, Respondent.

ORDER APPROVING RESIGNATION

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association ("OBA") has presented the Court with an application to approve the resignation of Joseph T. Howard ("Respondent"), from membership in the OBA. Respondent submits his resignation pending disciplinary proceedings and investigation into alleged misconduct as authorized by Rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S. 2011, ch. 1, app. 1-A. On July 9, 2021, Respondent's affidavit was filed simultaneously with the OBA's application; Respondent requested that he be allowed to resign his membership in the OBA and relinquish his right to practice law. The application and affidavit reflect the following:

(1) Respondent's affidavit was (A) freely and voluntarily rendered; (B) not secured by subjecting Respondent to coercion or duress; and (C) Respondent was aware of the consequences associated with submission of his resignation.

(2) Respondent further acknowledged that his resignation must be approved by the Oklahoma Supreme Court. Nevertheless, Respondent agreed to conduct himself as if the resignation was immediate, and previously surrendered his membership card to the OBA.

(3) Respondent attested to having personal knowledge of several grievances received by the OBA and expressed his understanding that the OBA had initiated investigations for the following grievances:

(A) DC 19-134, alleging Respondent financially harmed Kevin McLaughlin during the sale of certain mineral rights on behalf of Mr. McLaughlin's sister, Krisha Boardman;

(B) DC 19-162, alleging misappropriation of proceeds derived from the sale of Krisha Boardman's mineral rights;

(C) DC 20-204, alleging that on October 14, 2020, Respondent issued a check in the amount of $1,200.00 from his IOLTA account which was returned for insufficient funds and assessed an overdraft fee of $17.00

(D) DC 20-216, alleging that on November 3, 2020, an electronic fund transfer of $2,003.00 was initiated from Respondent's IOLTA account; the EFT was returned for insufficient funds and assessed an overdraft fee of $17.00. A subsequent investigation by the OBA General Counsel's Office indicated that numerous checks for personal casino winnings were deposited into the IOLTA account and numerous cash withdrawals were made from the IOLTA at various casinos.

(E) DC 21-101, alleging that on June 23, 2021, Respondent presented a $300.00 automatic clearing house ECHECK, connected to Respondent's IOLTA, to River Spirit Casino. There were insufficient funds in the IOLTA to cover the ECHECK and the trust account was assessed an overdraft fee of $17.00.

(F) DC 21-103, alleging that on June 2, 2021, Respondent presented a $725.00 automatic clearing house ECHECK, connected to Respondent's IOLTA, to River Spirit Casino. There were insufficient funds in the IOLTA to cover the ECHECK and the trust account was assessed an overdraft fee of $17.00.

(G) DC 21-109, alleging that on June 29, 2021, Respondent presented a $725.00 automatic clearing house ECHECK, connected to Respondent's IOLTA, to River Spirit Casino. There were insufficient funds in the IOLTA to cover the ECHECK and the trust account was assessed an overdraft fee of $17.00.

(4) Respondent has acknowledged, that if proven, the above charges of professional misconduct would constitute violations of Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S. 2011, ch. 1, app. 3-A Rules 1.1, 1.3, 1.4, 1.5, 1.7(a)(1), 1.14, 1.15, and 8.4. In addition, Respondent acknowledged that his misconduct would constitute a violation of RGDP Rule 1.3. Respondent stated in his affidavit that he is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the OBA allegations created by the pending grievance investigations.

(5) Respondent states that he has familiarized himself with RGDP Rule 9.1, and agreed to comply with the requirements therein within twenty (20) days following approval of his tendered resignation.

(6) Respondent recognizes (a) that pursuant to RGDP Rule 8.2, the decision to approve or disapprove his resignation is in the sole discretion of the Oklahoma Supreme Court. Further, Respondent has stated he recognizes that he may only be reinstated to the practice of law after full compliance with the terms and procedures outlined by RGDP Rule 11. Respondent has also acknowledged that no application for reinstatement may be presented prior to five (5) years from the effective date of this order approving his resignation.

(7) Respondent's official roster address as shown from the affidavit and OBA records is Joseph T. Howard, OBA # 15019, 1705 S. Baltimore Avenue, Tulsa, Oklahoma 74119.

(8) As a result of his conduct, the Client Security Fund may receive claims from Respondent's former clients. Respondent has agreed to reimburse the OBA for any such claims, prior to filing an application for reinstatement, including the principal amounts and applicable statutory interest expended by the Client Security Fund.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Joseph T. Howard, pending disciplinary proceedings, should be approved and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Joseph T. Howard shall be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five years from the date of this order.

¶4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by (a) notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; (b) filing a formal withdrawal from all cases pending before any tribunal; (c) submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified; and (d) presenting this Court with a list of any court or administrative body where the attorney was admitted to practice.

¶5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the OBA's Application to Assess Costs pursuant to RGDP Rule 6.16 is sustained. Respondent is directed to pay costs in the sum of $21.00 within thirty (30) days of this order.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 13th day of SEPTEMBER, 2021.

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

None Found.

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA